# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| |
|---|
| KENNETH PENTIFALLO, |
|        Plaintiff, |
| v. |
| DR. EVETTE POLCZYNSKI, MD., et al., |
|        Defendants. |

Civil Action No 2:18-cv-2024 (MCA-ESK)

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR *PRO BONO* COUNSEL**

**EDWARD S. KIEL, United States Magistrate Judge**

    This matter comes before the Court for *sua sponte* reconsideration of plaintiff's ("Plaintiff") application for *pro bono* counsel pursuant to 28 U.S.C. § 1915(d), (e)(1). (ECF No. 7.) After considering Plaintiff's application in light of circumstances since the denial of the application (ECF No. 10), and for good cause appearing; and

    **WHEREAS** Plaintiff filed his first motion for the appointment of *pro bono* counsel on February 9, 2018. (ECF No. 2.) This Court denied the motion on March 16, 2018 and instructed the Clerk of the Court to issue a summons in connection with each USM-285 Form submitted by Plaintiff. (ECF No. 3.) The Court also ordered that the Section 1983 claim and medical negligence claim against defendant, Evette Polczynski ("Polczynski"), could proceed, but dismissed the remaining claims asserted against the other defendant. (*Id.*) On April 5, 2018, Plaintiff filed another motion for the appointment of *pro bono* counsel. (ECF No. 7.) On May 11, 2018, Plaintiff received a notice from this Court informing him that the summons to Polczynski was returned unexecuted. (ECF No. 9.); and

    **WHEREAS** the Hon. Steven C. Mannion, U.S.M.J., in applying the factors set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), denied Plaintiff's first motion for *pro bono* counsel. Judge Mannion also noted that the Court would closely monitor the considerations raised by Plaintiff throughout case management and further noted that the Court may exercise its discretion to *sua sponte* grant *pro bono* counsel, in the future, if necessary. (ECF No. 10.); and

    **WHEREAS** Plaintiff wrote to the Court on June 5, 2018 seeking guidance on how to proceed in a civil action *pro se* (ECF No. 11), and again on July 24, 2018, inquiring as to any deadlines set in the case for discovery (ECF No. 13). On September 22, 2018, Plaintiff

wrote to the Court concerning his inability to serve Polczynski and seeking guidance on how to proceed. (ECF No. 14.); and

**WHEREAS** the Court recognizes that civil litigants possess neither a constitutional nor a statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). Nevertheless, when the need for representation outweighs the costs of *pro bono* representation, district courts are granted broad discretion to request the appointment of attorneys to represent indigent civil litigants. 28 U.S.C. § 1915(d), (e)(1).; and

**WHEREAS** this Court recognizes that "volunteer lawyer time is extremely valuable" and for that reason, "district courts should not request counsel … indiscriminately." *Tabron*, 6 F.3d at 157. Moreover, this Court must "take note of the significant practical restraints on the district courts' ability to appoint counsel … the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*; and

**WHEREAS** the United States Court of Appeals for the Third Circuit has directed that, when evaluating a request for the appointment of *pro bono* counsel, a district court should first determine whether the plaintiff's claim "has arguable merit in fact and law." *Id.* at 155. While Plaintiff will have to establish evidentiary support for his claims, it appears, at this juncture, and based solely on Plaintiff's factual allegations, that Plaintiff's claims may have some merit. Indeed, when granting Plaintiff's request to proceed *in forma pauperis* (ECF No. 3), the Court determined that the medical negligence claim against Polczynski could proceed. Thus, at least after an initial screening, Plaintiff's remaining claim against Polczynski has sufficient arguable merit to meet *Tabron's* threshold requirement for a request for appointment of *pro bono* counsel; and

**WHEREAS**, in instances where a plaintiff's claims arguably have merit, a court evaluating an application for the appointment of *pro bono* counsel should also consider: (1) plaintiff's ability to present the case; (2) the complexity of the legal issues involved; (3) the extent of factual discovery and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent to which the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel independently. *Tabron*, 6 F.3d at 156.; and

**WHEREAS** Judge Mannion thoroughly analyzed the *Tabron* factors in his October 1, 2018 Letter Order ("October 1, 2018 Order") (ECF No. 15). In light of the circumstances since the issuance of Judge Mannion's Letter Order, the Court, *sua sponte*, reconsiders the weighing of the *Tabron* factors. In that regard, the Court only narrowly departs from Judge Mannion's analysis as to the third prong of the analysis. The third prong "considers the extent to which prisoners and others suffering confinement may have trouble pursuing their claims." The Court finds that given the present issues, this factor now weighs in favor of appointment of counsel. *Tabron*, 6 F.3d at 156.; and

**WHEREAS** this case began in February 2018. Since then, Plaintiff has been unable to effectuate service on Polczynski. The United States Marshals Service has attempted to serve Polczynski to no avail. Further, it is clear from Plaintiff's letters (ECF Nos. 11, 13, and 14) that, without the assistance of counsel, he will be unable to pursue his claims; and

**WHEREAS** the Court finds that, on balance, the *Tabron* factors weigh in favor of granting Plaintiff's application for *pro bono* counsel,

**IT IS** on this 20th day of December, 2019;

**ORDERED** that Plaintiff's application for *pro bono* counsel (ECF No. 7) is, upon *sua sponte* reconsideration, **GRANTED**; and it is further

**ORDERED** that this case is referred to the Clerk of the Court for the appointment of an attorney from the Civil *Pro Bono* Panel pursuant to Appendix H of the Local Civil Rules, Procedures Governing Appointment of Attorneys in *Pro Se* Civil Actions.

                                            */s/ Edward S. Kiel*
                                            **Edward S. Kiel**
                                            **United States Magistrate Judge**